UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
BRYAN WILSON,                      )
                                   )
            Plaintiff,             )
                                   )
    v.                             )   Civil Action No. 17-0862 (TSC)
                                   )
NEXTEL COMMUNICATIONS,             )
                                   )
            Defendant.             )
_____)

## **MEMORANDUM OPINION**

This matter is before the Court on Nextel Communications, Inc.'s Motion to Dismiss for Failure to State a Claim Which Can Be Granted (ECF No. 7). For the reasons discussed below, the motion is GRANTED.

## I. BACKGROUND

The United Attorney for the District of Columbia filed a motion in the Superior Court of the District of Columbia on October 19, 2016. (Compl. at 1; *see generally* Mem. of Law in Support of Nextel Communications, Inc.'s Mot. to Dismiss Pl.'s Compl., ECF No. 7-1 ("Def.'s Mem."), Ex. B (Government's Opposition to Defendant's *Pro Se* § 23-110 Motion, *United States v. Wilson*, No. 2005-FEL-005634 (Super. Ct. Oct. 19, 2016)). Attached to the motion were exhibits, *see* Def.'s Mem., Ex. A (Subpoena, Case No. I-7086-03), specifically "subpoenas addressed to 'NEXTEL SUBPOENA COMPLIANCE GROUP[.'"] (Compl. at 1 (emphasis in original)). According to Plaintiff

> The subpoena relevant to this complaint is not signed by judge or magistrate and is made to the attention of "BOB HOLLIDAY". The subpoena instructs "BOB HOLLIDAY" to appear before the Criminal Division Grand Jury of the "4th day of February 2003" as a witness for the grand jury. A separate document attached to the subpoena and identified as an addendum to the subpoena, stating Mr. Holliday is instructed that "in lieu of personal appearance . . . please forward via mail or fax cellsite/celltower location info for (240)882-9466 and (240) 304-6827 for December 12, 2003 through December 13, 2003. This document is not signed or dated.

(*Id.*). Plaintiff's cell phone number was (240) 882-9466. (*Id.* at 2).

According to Plaintiff, "[i]n response to this subpoena NEXTEL disclosed copies of [P]laintiff's cell site/cell tower location records." (*Id.*). In addition, two of Defendant's employees "participated in further disclosure of [P]laintiff's cell location information at [p]laintiff's public trial" by "authenticat[ing] the records and explain[ing] the contents of those records." (*Id.* at 4). "Law enforcement relied very heavily" on the information Defendant disclosed. (*Id.*). For example, the information appeared in an affidavit supporting a warrant for Plaintiff's arrest, and it was "the sole evidence at trial to suggest that [P]laintiff was at the crime scene." (*Id.*). Plaintiff has asserted that, "[b]ased upon this illegally obtain information [he] was found guilty of murder and sentenced to 66 years in prison." (*Id.*).[1]

Plaintiff brings this action under 18 U.S.C. § 2707 and 47 U.S.C. §§ 205-07. (Compl. at 1). He claims that Defendant's disclosure of cell site and cell tower location information violated 18 U.S.C. § 2703 and 47 U.S.C. § 222, (*see* Compl. at 1, 4-5), resulting in Plaintiff's

---

[1] "Bryan K. Wilson was convicted of first-degree premeditated murder while armed and of several weapons charges in connection with the death of his wife Inga Wilson." *Wilson v. United States*, 995 A.2d 174, 177 (D.C. 2010). "The government presented evidence that, on the afternoon of December 13, 2003, Inga Wilson was found dead in the passenger seat of her Ford Expedition, which was parked in the 3000 block of Adams Street, N.E. She had been shot four times in the head and died sometime around 12:00 a.m. on December 13, 2003." *Id.* at 177-78.

"loss of liberty and destruction of reputation," (*id*. at 5). As compensation for Defendant's "willful and intentional violation[s]" of these statutes, Plaintiff demands "an award of damages in the amount of $1,500,000 and punitive damages of $5,000,000." (*Id*. at 5).

## II. DISCUSSION

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Complaint fails to state a claim upon which relief can be granted. (*See generally* Def.'s Mem. at 2-5).[2] It argues that "Plaintiff cannot maintain a cause of action under [the] statutes" on which he relies. (*Id*. at 3.).

Plaintiff correctly notes, *see* Compl. at 2, that, generally, a telecommunications carrier generally "shall only use, disclose, disclose, or permit access to individually identifiable customer proprietary network information in its provision of (A) the telecommunications service from which such information is derived, or (B) services necessary to, or used in, the provision of such telecommunications service, including the publishing of directories." 47 U.S.C. § 222(c)(1). He conveniently omits the introductory phrase of Section 222 which allows a carrier to disclose information "as required by law." *Id*.

---

[2] Defendant attaches a copy of the subpoena and the government's motion to which Plaintiff refers in his Complaint. Ordinarily, if a party submits and the Court considers "matters outside the pleadings . . . , the motion must be treated as one for summary judgment under Rule 56" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). "However, where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion into one for summary judgment." *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) (citation omitted), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) (per curiam). In this case, the subpoena is central to Plaintiff's claim, and the Court's consideration of the subpoena does not require conversion of Defendant's Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment.

In relevant part, 18 U.S.C. § 2707 provides:

> *Except as provided in section 2703(e)*, any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2707(a) (emphasis added). Section 2703(e) provides:

> *No cause of action* shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons *for providing information*, facilities, or assistance in accordance with the terms of a court order, warrant, *subpoena*, statutory authorization, or certification under this chapter.

18 U.S.C. § 2703(e) (emphasis added). Consequently, a provider which, or the employee of a provider who, discloses "information . . . in accordance with the terms of a . . . subpoena" is not subject to suit. 18 U.S.C. § 2703(e).

Plaintiff opposes Defendant's motion, noting first several purported defects in the subpoena itself. First, Plaintiff states that the subpoena was issued on January 4, 2004, and commanded "NEXTEL, SUBPOENA COMPLIANCE GROUP, ATTN: BOB HOLLIDAY" to appear before a Criminal Division Grand Jury on February 4, 2003. (*See* Def.'s Mem., Ex. A at 1). Compliance with these terms is "impossible when the subpoena was issued . . . almost a year after February 2003." (Pl.'s Opp'n at 3; *see id*. at 6). Second, Plaintiff claims that "there is no proof . . . that service of the subpoena was ever made," and alternatively that Defendant failed to comply with the subpoena's terms. (Pl.'s Opp'n at 5). Lastly, Plaintiff points to the lack of information on the subpoena itself, as "the subpoena does not mention cell site/cell tower records at all." (*Id*. at 6). Rather, the subpoena refers to an addendum which "is undated [and] has no

4

Superior Court Clerk stamp or signature." (*Id*.). Plaintiff argues that "[t]he addendum did not, and could not, legally obligate Defendant to disclose Plaintiff's cell site/cell tower records," (*id*.), and merely offered Defendant "the option of complying with the subpoena by personally appearing before the grand jury, or mailing or faxing cell site/cell tower information for (240) 882-9466," (*id*. at 3). At any rate, Plaintiff asserts that Defendant "disregard[ed] the subpoena in favor of disclosing cell site records." (*Id*. at 7).

The Court agrees with Plaintiff that no person could appear on February 4, *2003* in response to a subpoena issued on January 30, *2004*. This appears to be a typographical error of no practical significance, however. Plaintiff's opposition to Defendant's motion otherwise contradicts a critical factual allegation of the Complaint: "In response to [the] subpoena, NEXTEL disclosed copies of [P]laintiff's cell cite/cell tower location records" with respect to his cell phone number (240) 882-9466. (Compl. at 2). If Defendant responded to the subpoena, Plaintiff now cannot claim that the subpoena had not been served or that Defendant did not comply with the subpoena's terms.

The subpoena commanded Defendant's appearance before a Criminal Division Grand Jury on date certain, and it bore the signature and seal of the Clerk of the Superior Court as D.C. Code § 11-942 requires. Underlined and in bold type the subpoena referred to an attached addendum, which in turn instructed Defendant to produce "CELL SITE/CELL TOWER RECORDS FOR (240) 882-9466 AND (240) 304-6827 FOR DECEMBER 12, 2003 THROUGH DECEMBER 13, 2003." (*see* Def.'s Mem., Ex. A at 2 (emphasis in original)). Defendant complied.

Because "[n]o cause of action shall lie in any court against any provider of wire or electronic communication service [or] its . . . employees . . . for providing information . . . in accordance with the terms of a . . . subpoena[,]" 18 U.S.C. § 2703(e), Plaintiff's claims must fail.[3]

### III. CONCLUSION

The Court concludes that the very statutes on which Plaintiff relies bar his claims for relief. Accordingly, Defendant's motion to dismiss is GRANTED. An Order is issued separately.

DATE: November 2, 2017

/s/
TANYA S. CHUTKAN
United States District Judge

---

[3] Even if Plaintiff had a viable cause of action, it does not appear that his claim is timely filed. A two-year statute of limitations applies, *see* 18 U.S.C. § 2707(f); 27 U.S.C. § 415(b), and it would have begun to run in or about May 2007 when Plaintiff's criminal trial took place. (*See* Def.'s Mem., Ex. B at 2). Plaintiff has challenged his criminal conviction and sentence vigorously, *see id.*, Ex. B ¶¶ 2-17; Pl.'s Opp'n at 10-11), and he admits to having known that Defendant provided cell site information to the prosecutors at the time of his criminal trial, (Pl.'s Opp'n at 8-9). It strains credulity to believe that Plaintiff's claim did not accrue until October 2016, (*see id.* at 11-12), when the government filed in the Superior Court its opposition to Plaintiff's fifth collateral attack on his conviction, (*see* Def.'s Mem., Ex. B ¶¶ 15-17).